UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS): PLAINTIFF'S MOTION TO REMAND (filed November 12, 2015, dkt. 7)

PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME (filed November 12, 2015, dkt. 8)

## I. INTRODUCTION AND BACKGROUND

On June 8, 2015, plaintiff Wells Fargo Bank N.A. ("Wells Fargo") filed an unlawful detainer action and summons (the "underlying unlawful detainer action") against defendants Lynn Behrens Zimmerman and Clarke Patton Paxton (collectively, "defendants") seeking restitution and possession of the property located as 175 El Sueno Road, Santa Barbara, CA 93110 (the "Property"), damages in the amount of $123.33 per day from May 30, 2015 through the date of entry of judgment, costs of suit, and other and further relief as the Court deems just and proper. Dkt. 1, Ex. A (Underlying Unlawful Detainer Action).

On November 5, 2015, defendants filed a notice of removal for the underlying unlawful detainer action. See Dkt. 1 (November 5, 2015 Notice of Removal). Defendants' instant attempt to remove the underlying unlawful detainer action is their fourth attempt to remove the case, despite three previous orders of this Court remanding the matter to the Santa Barbara County Superior Court for lack of subject matter jurisdiction. See Case No. 2-15-cv-07268-MWF-(MRW), ECF Dkt. 9 (September 22, 2015 Remand Order); Case No. 2:15-cv-07789-CAS-MRW, ECF Dkt. 11 (October 15, 2015 Remand Order); Case No. 2:15-cv-08268-CAS-MRWx, ECF Dkt. 10 (November 10, 2015 Remand Order).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

    Specifically, in an order dated September 22, 2015, the Honorable Michael W. Fitzgerald remanded the case to the Santa Barbara County Superior Court on the grounds that this Court lacks subject matter jurisdiction over the action, which states a single claim for unlawful detainer. See September 22, 2015 Remand Order. Following remand of the action, no answer was filed with the state court, and Default Judgment for Possession was entered on October 1, 2015. See October 15, 2015 Remand Order, at 1 (citing Dkt. 8-1 (Default Judgment)). A Writ of Possession was issued on this same date. Id.

    On October 5, 2015, defendant Zimmerman filed her second notice of removal for the underlying unlawful detainer action. See Case No. 2:15-cv-07789-CAS-MRW, ECF Dkt. 1 (Notice of Removal). The second notice of removal attached plaintiff's original, unmodified June 8, 2015 complaint and again stated, in language lifted verbatim from the previous notice of removal, that "this case is not founded on the basis of a Federal Defense but rather on the merits of [a] Constitutional issue and . . . 28 U.S.C. Section 1331 (Federal Question), 28 U.S.C. Section 1332 (Diversity) and 28 U.S.C. Section 1333 (Admiralty, Maritime and Prize Cases)." October 5, 2015 Notice of Removal at 7; Compare Dkt. 1, Case No. 2:15-cv-07789-CAS-MRW (October 5, 2015 Notice of Removal) with Dkt. 1, Case No. 2-15-cv-07268-MWF-(MRW) (September 16, 2015 Notice of Removal). While defendants' second attempt at removing the underlying unlawful detainer action argued one additional ground for removal, this purported additional justification lacked merit, as the Court explained in its October 15, 2015 order remanding the case for a second time. See October 15, 2015 Remand Order, at 2, 4.[1]

---

    [1] As the Court explained in its previous order remanding the case,

> [D]efendants' only new ground for removal is their allegation that the judge in the unlawful detainer action "must be recused" because she "has a conflict of interest" on account of alleged ownership in a law firm that specializes in foreclosures and previously employed the judge. Irrespective of the veracity of defendants's allegations, the potential for recusal or disqualification of the judge does not present a claim arising under federal law. Of course, plaintiffs were not without recourse with respect to their allegations regarding grounds for disqualification, as they could have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

    On October 22, 2015, defendants filed their third notice of removal, which was an identical, word-for-word copy of their previous notice and therefore sought to remove the action on exactly the same grounds that the Court expressly rejected in its prior order. *Compare* Dkt. 1, Case No. 2:15-cv-07789-CAS-MRW (October 5, 2015 Notice of Removal) *with* Dkt. 1, Case No. 2:15-cv-08268-CAS-MRWx (October 22, 2015 Notice of Removal). Accordingly, on November 10, 2015, the case was remanded for a third time, with the Court ordering defendants to pay plaintiff Wells Fargo $500.00 in sanctions, pursuant to Federal Rule of Civil Procedure 11(c). See Wells Fargo Bank NA v. Zimmerman, No. 215CV08268CASMRWX, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015). The Court also advised defendant that "**any future attempt to remove this action without an 'objectively reasonable basis for removal' may result in an award of attorney's fees for plaintiff Wells Fargo**." Id. (emphasis in original) (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)).

    On November 5, 2015—while defendants' third notice of removal and plaintiff's motion to remand were still pending before the Court—defendants filed a fourth notice of removal that again offered the very same purported grounds for removal that this Court previously rejected in its prior orders. On November 12, 2015, plaintiff Wells Fargo filed the instant motion to again remand the underlying unlawful detainer action to Superior Court, as well as an *ex parte* application to shorten time for hearing on the motion. Dkts. 7, 8. This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002))). As explained further below, the Court concludes, for the same reasons articulated in all three of the Court's

---

moved to disqualify the state court judge pursuant to California law. See Cal. Code Civ. P. §§ 170, et seq. (listing various grounds under which a judge may be disqualified).

October 15, 2015 Remand Order, at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

prior orders remanding this case, that it lacks subject matter jurisdiction over this unlawful detainer action and must again remand to state court.

## II. LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

## III. DISCUSSION

A "party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." Allen v. UtiliQuest, LLC., 2014 WL 94337, *2 (N.D. Cal. Jan. 9 2014) (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1883)); see also Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. Contrary to respondent's position, a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it"); Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal., 2012 WL 3638506, *3 (E.D. Cal. Aug. 22, 2012) ("In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has remanded a case, a defendant generally may not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

remove the case to federal court a second time." (citing In re La Providencia Dev. Corp., 406 F.2d 251, 252 (1st Cir.1969))).

 "Th[e] general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different ground* for removal.'" Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014) (quoting Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir.1991) (emphasis in original)).  Here, as explained *supra*, defendants' fourth notice of removal appears to be an identical, word-for-word reiteration of their previous notice and therefore seeks to remove the action on exactly the same grounds that the Court expressly rejected in its prior orders.  Accordingly, for the same reasons explained in this Court's prior orders remanding plaintiff's unlawful detainer action, this Court continues to lack subject matter jurisdiction and must again remand.  See McGee v. Seagraves, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006) (noting unlawful detainer actions are pure matters of state law and "are strictly within the province of state court"); see also Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

 In addition, the Court again notes—as it did in its two prior orders remanding the case—that "absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." Fed. Home Loan Mortgage Corp. v. Pulido, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012) (citing Benson v. SI Handling Systems, Inc., 188 F.3d 780, 783 (7th Cir.1999) ("Multiple removals could encounter problems—could even lead to sanctions—if nothing of significance changes between the first and second tries" (internal citation omitted))); see also Leon, 76 F. Supp. 3d at 1063.  Here, defendants were previously admonished that sanctions could issue if they frivolously sought to remove this action again, and indeed the Court issued sanctions in the amount of $500.00 in its previous order.  As this is defendants' fourth attempt at removing this action, the Court again finds it appropriate to issue sanctions pursuant to Rule 11(c), this time in the amount of $1,000.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
|---|---|---|---|
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

    Wells Fargo also seeks an award of attorney's fees, pursuant to 28 U.S.C. § 1447(c), in accordance with the Court's prior remand order, which warned defendants that **"any future attempt to remove this action without an 'objectively reasonable basis for removal' may result in an award of attorney's fees for plaintiff Wells Fargo."** Zimmerman, 2015 WL 6948576, at *4 (quoting Martin, 546 U.S. at 136); see 28 U.S.C. § 1447(c) (order remanding a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of removal."). However, the Court declines at this time to award attorney's fees because the instant removal attempt preceded issuance of the Court's prior remand order wherein the Court put defendants on notice of a potential attorney's fees award. Of course, any additional frivolous attempts at removing this action may result in an award of attorney's fees for plaintiff Wells Fargo.[2] See Wells Fargo Bank Nat. Assn v. Vann, 2013 WL 1856711, at *2 (N.D. Cal. May 2, 2013), appeal dismissed (Jan. 27, 2014) (awarding over $5,000.00 in attorney's fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove the same particular unlawful detainer action despite the court's two prior orders remanding the action).

    Finally, the Court notes that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) (outlining the Ninth Circuit's four-factor test for district courts to apply in deciding whether to designate a party a "vexatious litigant"). Indeed, there is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Id. at 1147 (citing Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989)). Under the power of 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." Id. (citation omitted).

---

    [2] Wells Fargo also requests that this Court order that no further stays be imposed by the State Court in the underlying unlawful detainer action despite any future removals that may be filed by defendant. Motion to Remand at 8. The Court denies this request. See Vann, 2013 WL 1856711, at *2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

      Accordingly, defendants are "hereby notified and warned that if they file[] another Notice of Removal of the unlawful detainer action noted above, the Court will take punitive remedial action, which may include ordering [defendants] to appear in person before the Court and show cause why [they] should not be . . . designated as a vexatious litigant." Schneider v. Roberts, No. CV 13-06690-UA, 2014 WL 935157, at *5 (C.D. Cal. Mar. 5, 2014) (King, C.J.); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057–58 (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants.").[3]

---

[3] C.D. Cal. Local Rule 83-8 sets out this Court's policy regarding vexatious litigants and provides that:

> It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the cost of defending such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent powers of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.  [L-R 83-8.1]

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from the Judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the Judge may require.  [L-R 83-8.2]

> Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-08651-CAS(MRWx) | Date | December 3, 2015 |
| Title | WELLS FARGO BANK NA V. LYNN BEHRENS ZIMMERMAN, ET AL. | | |

### IV. CONCLUSION

In accordance with the foregoing, plaintiff Wells Fargo's motion to remand is **GRANTED** in part, and this case is hereby **REMANDED** to the Santa Barbara County Superior Court. Plaintiff Wells Fargo's pending *ex parte* application to shorten time for hearing is hereby **DENIED AS MOOT**. In addition, the Court also orders defendants to pay plaintiff Wells Fargo **$1,000.00** in **SANCTIONS**, pursuant to Federal Rule of Civil Procedure 11(c). Defendants are also put on notice that any future attempt to remove the underlying unlawful detainer action may result in an award of attorney's fees for plaintiff Wells Fargo, pursuant to 28 U.S.C. § 1447(c), and the designation of defendants as vexatious litigants, in accordance with C.D. Cal. Local Rule 83.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

Court's process and is likely to continue such abuse, unless protective measures are taken. [L-R 83-8.3]